**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1091 & 23-1140
_____

CARLA SLATER,
                                    Appellant

v.

JANET LOUISE YELLEN, SECRETARY DEPARTMENT OF THE TREASURY;
STEPHANIE SPROSS, FRONTLINE MANAGER TEAM 426, EXAM OPERATIONS,
IRS; LISA CHAN, OPERATION MANAGER, EXAM OPERATIONS, IRS;
CHARLOTTE A. BURROWS, CHAIR EEOC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-02763)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2023

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: October 4, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Carla Slater appeals from a judgment of the United States District Court for the Eastern District of Pennsylvania. For the following reasons, we will affirm the District Court's judgment.

I.

In 2021, Appellant Carla Slater, a former seasonal employee of the Internal Revenue Service ("IRS"), initiated this pro se employment discrimination action against Treasury Secretary Janet Yellen. She later amended the complaint to include IRS employees Stephanie Spross and Lisa Chan, and EEOC Chair Charlotte Burrows as defendants. In the operative second amended complaint, Slater alleged that in January of 2015, she was appointed as a delegate to a religious conference occurring in Thailand the following November. On February 23, 2015, Slater signed a seasonal contract with the IRS, agreeing to work for a term of nine to eleven months. She further alleged that, in March of 2015, she submitted a request for leave without pay to attend the conference, which Spross denied on March 23, 2015. On October 29, 2015, Slater allegedly informed her "Lead" that she was leaving to attend the conference in Thailand. ECF No. 9-1 at 8.

Slater alleges that, upon returning from the conference, she assumed that she was furloughed, applied for (and was granted) unemployment benefits, and waited to receive a new seasonal offer. On January 22, 2017, Slater's position was terminated, which she alleges was the result of Spross purposely keeping her on "AWOL status" so she would

2

be fired. On March 24, 2017, Slater had an unemployment compensation hearing, where she alleges that Spross falsely testified that Slater abandoned her job. The Unemployment Compensation Board determined that Slater voluntarily quit and was ineligible for unemployment compensation. On May 5, 2017, Slater alleges that she contacted the Equal Employment Opportunity Commission ("EEOC") to schedule a meeting and received Notice of Right to File but did not file a formal EEOC complaint at that time. Slater ultimately filed an EEOC complaint on August 17, 2020.[1] She initiated this action in June of 2021, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and the Due Process Clause.

The District Court screened the complaint and dismissed the due process claims and all claims against Spross, Chan, and Burrows, as well as the claims related to Slater's unemployment benefits proceedings and federal criminal charges. Yellen subsequently filed a motion to dismiss the remaining Title VII claims, which the District Court granted in a lengthy memorandum order. Slater appealed from those orders (C.A. No. 23-1091). She later filed an unnecessary motion to reopen the time to appeal pursuant to Federal

---

[1] In the interim, Slater was criminally charged with one count of theft of government money and one count of making false statements concerning unemployment compensation to the Pennsylvania Department of Labor. Because the Government subsequently obtained information that counseled against proceeding with the case in the interest of justice, the Government filed a motion to dismiss the case with prejudice, which the court granted in June 2022. See United States v. Slater, E.D. Pa. Crim. No. 2:18-cr-00467, Dkt. #64 (dismissing the charges).

Rule of Appellate Procedure 4(a)(6).[2]  The District Court denied the motion to reopen, and Slater filed a timely notice of appeal (C.A. No. 23-1140).  The appeals have been consolidated for all purposes.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the dismissal of the claims.  See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

## III.

On appeal, Slater challenges the dismissal of her religious discrimination and retaliation claims under Title VII against Spross, Chan, and Yellen.[3]  As for the claims against Spross and Chan, we agree with the District Court's dismissal of the complaint as against them because "individual employees are not liable under Title VII."  Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam).

---

[2] Because the order granting Yellen's motion to dismiss contained procedural history, factual background, and the District Court's reasoning for the disposition, it did not comply with the separate judgment rule set forth in Rule 58(a) of the Federal Rules of Civil Procedure.  See Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 187 (3d Cir. 2015).  Thus, the District Court's judgment was not entered until 150 days after the order was entered on the docket, see Fed R. Civ. P. 58(c)(2)(B), and Slater timely appealed.

[3] In her brief, Slater does not address the District Court's rulings on any other claims or on any other motions that she filed, including her Rule 4(a)(6) motion to reopen the time to appeal, so we will not reach those issues.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).

As for the claims against Yellen, Slater challenges the District Court's ruling that the claims were time-barred and unexhausted. She contends that she exhausted her claims about her placement on AWOL status, her termination, and Spross's testimony during the unemployment compensation hearing through a complaint filed with the Merit System Protection Board filed on June 25, 2017. However, even assuming arguendo that she could and did exhaust those claims that way, the District Court properly dismissed those claims because they failed to state a claim upon which relief can be granted under Rule 12(b)(6).

To allege plausibly a disparate-treatment claim under Title VII, a plaintiff must allege that (1) she is a member of a protected class; (2) she is qualified for the position she sought to retain or attain; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances that may give rise to an inference of intentional discrimination. See Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008). The allegations in Slater's second amended complaint do not "raise a reasonable expectation that discovery will reveal evidence" of these elements. Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016). Although her termination constitutes adverse action, see Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 288 (3d Cir. 2001), she has not pleaded facts supporting the requisite discriminatory intent behind her termination, or behind the other actions that she alleges were adverse. Particularly, she has failed to allege that similarly situated employees were treated more favorably.

5

See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 413 (3d Cir. 1999). That is, she has not claimed that other seasonal employees had previously taken unapproved leave and not returned to work without being placed on AWOL status and eventually terminated. We accordingly agree with the District Court's dismissal of Slater's discrimination claims based on her termination, AWOL status, and Spross's testimony.

Related to her denial of leave request (which she admittedly did not include in any MSPB complaint), she argues that she timely contacted the Equal Employment Opportunity Commission ("EEOC") and received Notice of Right to File on May 5, 2017, which was within 45 days of when she discovered the alleged discrimination, which she claims was March 24, 2017. Putting aside any other issues with the timeliness of suit based on this claim, Slater's own allegations in the complaint indicate that she was aware of Spross's denial of her request for leave when it was issued in 2015. And, despite her argument to the contrary, those claims are not rendered timely by the continuing violations doctrine, which allows a "court [to] grant relief for . . . earlier related acts that would otherwise be time barred" if the "defendant's conduct is part of a continuing practice" of discrimination and "the last act evidencing the continuing practice falls within the limitations period." Tearpock-Martini v. Borough of Shickshinny, 756 F.3d 232, 236 (3d Cir. 2014) (quoting Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)). Importantly, that doctrine does not apply to "isolated, sporadic, or discrete" acts, such as the denial of leave. Nat'l R.R.

6

Passenger Corp. v. Morgan, 536 U.S. 101, 107, 114 (2002); see O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). Accordingly, the District Court properly dismissed this claim as well.

Furthermore, to the extent that the second amended complaint raised retaliation claims, Slater was required to raise a reasonable expectation that discovery will reveal evidence that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. See Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006). "Protected activities" within the meaning of that provision include participating in certain Title VII proceedings and opposing discrimination made unlawful by Title VII. See id. at 341-42.

Here, Spross alleged that she participated in protected activities by initiating EEOC proceedings and filing an MSPB complaint. However, she has failed to demonstrate any causal link between those activities and the adverse employment action; she initiated the EEOC and MSPB proceedings only *after* she was terminated and Spross had testified at her unemployment compensation hearing. The same is true with regard to Slater's second EEOC proceeding, which she initiated after the actions related to her criminal prosecution had already occurred. The District Court's dismissal of her retaliation claims was accordingly proper. Relatedly, we agree with the District Court that the actions related to her criminal prosecution—the grand jury investigation, her

arrest, and the prosecution's proposed plea deal—do not constitute adverse action within the meaning of Title VII under the facts of this case, especially as those actions were not conducted by the IRS. Thus, the District Court properly dismissed Slater's discrimination and retaliation claims relating to the criminal prosecution.[4] Slater's remaining arguments are without merit.

For the above reasons, we will affirm the District Court's judgment. Slater's motion to supplement the appendix is granted.

---

[4] We further agree with the District Court's decision to dismiss these claims with prejudice, as Slater had already amended her complaint twice. See USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2006) (explaining that a District Court has the discretion to dismiss a complaint with prejudice where there have been "repeated failures to cure the deficiency by amendments previously allowed").